IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael Stehney, Jr., | ) |
|                                     Plaintiff, | ) Civil Action No. 6:14-3876-GRA-KFM<br>) [Re: Case No. 2013-CP-23-1715]<br>)<br>) **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) |
| Ronald E. Ferguson,<br>Ronald J. Ferguson, and<br>Susan M. Ferguson, | )<br>)<br>) |
|                                     Defendants. | ) |

The above-captioned case was removed by the defendants from the Court of Common Pleas for Greenville County on October 3, 2014. The state case was filed on March 25, 2013, and the defendants were served on April 1st and 3rd, 2013. The complaint states that the plaintiff Michael Stehney, Jr., lives across the street from the defendants in the Mill Creek subdivision in Piedmont, South Carolina (doc. 1-2 at 5). The plaintiff also owns three lots in the subdivision (*id*.). According to the plaintiff, the defendants began to develop their property in November 2012, but failed "to properly direct the silt run-off from the construction" (*id*. at 6). The silt from the defendants' property began to fill the storm drains, entered the plaintiff's pond and caused it to become cloudy and discolored, which killed fish, ducks, and geese (*id*.). In his complaint, the plaintiff raised various causes of action: (1) negligence, negligence *per se*, and intentional tort; (2) nuisance; (3) trespass; and (4) violation of restrictive covenants (*id*. at 6–8).

In their notice of removal (doc. 1-1) and in their response in opposition to remand (doc. 21), the defendants contend that resolution of the plaintiff's case is actually governed by the federal Clean Water Act because the property is subject to federal wetlands protection and federal agencies should be involved.

A notice of removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days after the case becomes removable. *See* 28 U.S.C. § 1446; and *Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328 (D.S.C. 1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980). The defendants contend the case became removable in September 2014 upon receiving information that plaintiff's counsel had been advised by the U.S. Army Corps of Engineers that the property "had Federal waters running through the land and it is subject to limitations on use" (doc. 21, p. 3). As discussed below, the defendants' purported discovery of this information does not give rise to federal jurisdiction, so the timeliness of the removal is of no significance.

On November 1, 2014, the plaintiff filed a motion to remand (doc. 15). The plaintiff's motion was timely because it was filed within thirty days after the filing of the Notice of Removal. 28 U.S.C. § 1447(c). The undersigned issued a *Roseboro* order to apprise the defendants of dispositive motion procedure. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). The defendants filed their responses in opposition (docs. 21, 22) on December 8, 2014.

A defendant in a state court case may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Various federal courts have held that the removal statutes are to be construed against removal jurisdiction and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases). Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have

limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal diversity jurisdiction is not at issue here, as the neighboring parties are citizens of South Carolina. As for federal question jurisdiction, the complaint alleges in part a violation of restrictive covenants, which is essentially a state breach of contract action. *See Taylor v. Lindsey*, 498 S.E.2d 862, 863 (S.C. 1998); and *Kinard v. Richardson*, 754 S.E.2d 888, 893 (S.C. Ct. App. 2014). Negligence, nuisance, and trespass are also state law causes of action. *See*, *e.g.*, *Babb v. Lee County Landfill SC, LLC*, 747 S.E.2d 468, 481–82 (S.C. 2014). The plaintiff did not allege a Clean Water Act violation in his complaint, and the defendants' belief that he did or should have is of no consequence. When considering the issue of whether federal question jurisdiction is present, a federal court is not bound by the parties' characterization of a case. *See Cruel v. Cnty. of Greenville*, 617 F. Supp. 2d 436, 438 (D.S.C. 2007). Accordingly, federal question jurisdiction is not present.

Based on the foregoing it is recommended that the District Court grant the plaintiff's motion to remand (doc. 15). The attention of the parties is directed to the notice on the next page.

Kevin F. McDonald
United States Magistrate Judge

December 12, 2014
Greenville, South Carolina

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).