UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael Stehney, Jr., | ) | |
| | ) | C.A. No. 6:14-cv-03876-GRA |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Ronald E. Ferguson, Ronald J. Ferguson, and Susan M. Ferguson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before this Court for review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation ("the Report") made in accordance with 28 U.S.C. § 636(b)(1)(B), and filed on December 12, 2014. ECF No. 25.

## BACKGROUND

The Plaintiff originally filed this case in the Court of Common Pleas for Greenville County on March 25, 2013, alleging: negligence, negligence *per se*, intentional tort, nuisance, trespass, and violation of restrictive covenants. ECF No. 1-2 at 6-8. The Defendants were served on April 1 and 3, 2013. ECF Nos. 15-1 & 15-2. The Defendants then served the Plaintiff with an answer and counterclaims on April 22, 2013. ECF No. 1-2 at 24. On October 3, 2014, the Defendants then removed the action to this Court, pursuant to 28 U.S.C. § 1441. ECF No. 1-1. The Plaintiff filed a Motion to Dismiss from Federal Court and Remand to State Court on November 1, 2014. ECF No. 15. The Defendants filed responses in opposition on

December 8, 2014.  ECF Nos. 21 & 22.  Magistrate Judge McDonald then made a careful review of the Motion and now recommends that this Court grant the Motion.  ECF No. 25.  Thereafter, on January 5, 2015, the Defendants filed Objections to the Report.  ECF Nos. 30 - 31.  The Plaintiff filed a Reply to the Objections on January 6, 2015.  ECF No. 33.  For the reasons discussed herein, this Court adopts the Magistrate Judge's Report in its entirety and grants the Motion.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In this case, January 5, 2015 was the deadline for filing objections. ECF No. 25. The Defendants filed Objections on January 5, 2015.[1] ECF No. 30 - 31.

## DISCUSSION

The Defendants have two objections to the Report. *Id*. First, they argue the removal of the case was timely based on the date of correspondence to Plaintiff's counsel regarding the presence of federal waters. *Id*. at 6. The Report never explicitly stated that the removal was untimely and, as such, this objection is not determinative.

Second, the Defendants argue that Plaintiff's property is "subject to Federal laws and permitting through the Clean Water Act and [National Pollutant Discharge Elimination System] permitting." *Id*. at 8. Under the well-pleaded complaint rule, the plaintiff's complaint is determinative of federal jurisdiction. In other words, the federal question must be clear from the face of the complaint and cannot be based on a federal law defense. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). As the Report states, "[t]he plaintiff did not allege a Clean Water Act violation in his complaint, and the defendants' belief that he did or should have is of no consequence." ECF No. 25 at 3. Accordingly, the Defendants' objections concerning federal question jurisdiction are overruled.

---

[1] All three Defendants filed the same Objections with only the name of the person objecting changed in each document.

After a thorough review of the record, this Court finds no error and that the Magistrate Judge's Report accurately summarizes the case and the applicable law. Accordingly, the Report is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss from Federal Court and Remand to State Court is GRANTED. This case is hereby REMANDED to the Court of Common Pleas for Greenville County. Ronald J. Ferguson's Motion for Joinder is DENIED as MOOT.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March 19, 2015
Anderson, South Carolina